UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MELVIN SHERROD,

    Petitioner,

v.                                              Case No. 5:05-cv-256-Oc-10GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

_____

## ORDER DENYING PETITION

Petitioner initiated this action by executing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Petitioner challenges his 2003 convictions from the Circuit Court in and for Lake County, Florida. Respondents have filed a response in which they maintain the Petition should be denied with prejudice. (Doc. 28). The Petition, the Response to the Petition, the record submitted with the Response, and Petitioner's reply demonstrate that an evidentiary hearing is not warranted in this case, and the Court may resolve the Petition on the basis of the record. See Habeas Rule 8(a).

## Convictions and Sentences

On March 21, 2003, Petitioner was charged by Information with burglary of a structure, tampering with evidence, resisting an officer without violence, and criminal

mischief.[1] On March 21, 2003, Petitioner filed a demand for speedy trial and thereafter, the trial court conducted a hearing on the demand.[2] The trial court set the trial for May 12, 2003.

At trial, the jury found Petitioner guilty of burglary of a structure, guilty of evidence tampering, and guilty of resisting an officer without violence.[3] The jury found Petitioner not guilty of criminal mischief. On July 25, 2003, the trial court sentenced Petitioner as an habitual offender to ten years in prison for the burglary and five years concurrent for the evidence tampering.[4] Petitioner appealed and his counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). The Fifth District Court of Appeal *per curiam* affirmed in an order dated February 24, 2004.[5] Mandate issued on March 12, 2004.[6]

On or about March 5, 2004, Petitioner filed a motion for post-conviction relief asserting five claims of ineffective assistance of trial counsel.[7] The state court held a hearing and found that the trial record refuted all of Petitioner's claims.[8] In an

---

[1] Doc. 31, Ex. B, pg. 7. State v. Sherrod, Lake County case no. 2003CF000494A-02.

[2] Doc. 31, Ex. C.

[3] Doc. 31, App. A, pg. 228.

[4] Doc. 31, App. A, pg. 138.

[5] Doc. 31, App. E.

[6] Doc. 31, App. F.

[7] Doc. 31, App. G.

[8] Doc. 31, App. G, H.

order dated January 25, 2005, the Fifth District Court of Appeal *per curiam* affirmed the denial of relief. Petitioner's Motion to correct illegal sentence was denied and thereafter affirmed in an order dated February 8, 2005.[9] Mandate issued on February 28, 2005.[10]

Petitioner executed the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on April 29, 2005. Petitioner raises four claims of relief:

1. Ineffective Assistance of Counsel in failing to interview the booking officer;

2. Trial court error in order denying post-conviction relief because it failed to contain record attachments of support;

3. Trial court error in denying Petitioner's request for continuance of the trial;

4. Trial court issued vindictive sentence.

## Timeliness of Petition

Respondents concede the Petition is timely filed within the one-year limitation period provided by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996.

## Exhaustion/Procedural Bars

There are two prerequisites to federal habeas review: (1) "the applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated," and (2) "the applicant must have

---

[9] Doc. 31, App. K-M.

[10] Doc. 31, App. N.

presented his claims in state court in a procedurally correct manner."[11] This means that "a state prisoner seeking federal habeas corpus relief, who fails to raise his federal constitution[al] claim in state court, or who attempts to raise it in a manner not permitted by state procedural rules is barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default."[12]

A petition for writ of habeas corpus should not be entertained unless the Petitioner has first exhausted his state remedies.[13] The courts of Florida must be given the opportunity to consider the Petitioner's legal theory of a federal constitutional deficiency and the factual basis for that theory.[14] Concerns of comity require that exhaustion cannot be satisfied by the mere statement of a federal claim in state court.[15] The Petitioner must afford the State a full and fair opportunity to address and resolve the claim on the merits.[16] A full and fair opportunity involves the proper presentation,[17] and substance of, the federal constitutional claim.[18]

---

[11] Upshaw v. Singletary, 70 F.3d 576, 578-579 (11th Cir. 1995) (citations omitted).

[12] Alderman v. Zant, 22 F.3d 1541, 1549 (11th Cir.) cert. denied, 513 U.S. 1061 (1994) (*citing* Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 2506, 53 L.Ed.2d 594 (1977)).

[13] Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989); Rose v. Lundy, 455 U.S. 509 (1982).

[14] Picard v. Connor, 404 U.S. 270, 277 (1971).

[15] Footman v. Singletary, 978 F.2d 1207, 1210-11 (11th Cir. 1992).

[16] Id.

[17] Castille at 351.

[18] Watson v. Dugger, 945 F.2d 367, 371-372 (11th Cir. 1991).

Generally, a federal habeas petition should be dismissed if the petitioner has failed to exhaust state remedies. Additionally, a petitioner must avoid a procedural default by non-compliance with State substantive or procedural requirements.[19]

Respondents contend that Petitioner's claims two and three are not properly exhausted because Petitioner failed to raise them as federal claims in the state courts. The Court agrees. In his second claim, Petitioner alleges trial court error in the order denying post-conviction relief because the trial court failed to attach the record in support. This claim is not reviewable in a federal habeas proceeding. Spradley v. Dugger, 825 F.2d 1566, 1567 (11th Cir. 1987)(holding trial court's alleged errors in the Rule 3.850 proceedings did not state a basis for habeas relief). In his third claim, Petitioner alleges trial court error in denying Petitioner's request for continuance of the trial. Petitioner did not raise a federal due process claim in state court regarding the denial of his motion for continuance.

In order to gain review of an otherwise procedurally defaulted claim, Petitioner must demonstrate both cause excusing the default and actual prejudice from the bar.[20] To show cause, Petitioner must establish that the default resulted "from some objective factor external to the defense that prevented [him] from raising the claim and which cannot be fairly attributable to his own conduct."[21] To show prejudice, the

---

[19] Coleman v. Thompson, 501 U.S. 722, 729-30, *reh'g denied*, 501 U.S. 1277 (1991).

[20] Hill v. Jones, 81 F.3d 1015, 1022-23 (11th Cir. 1996).

[21] Wright v. Hopper, 169 F.3d 695, 706 (11th Cir.), cert. denied, 528 U.S. 934 (1999) (citing McCoy v. Newsome, 953 F.2d 1252, 1258 (11th Cir 1992)).

petitioner "must show that 'the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness."[22] Additionally, "a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice."[23] The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of 'actual innocence' rather than mere 'legal innocence.'"[24] Petitioner has not alleged nor demonstrated cause and prejudice, or the fundamental miscarriage exception. The claims do not provided a basis for habeas relief.

## Standard of Review

After the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the role of a federal habeas court when reviewing a state prisoner's application pursuant to 28 U.S.C. § 2254 is limited.[25] Specifically, a federal court must give deference to state court adjudications unless the state court's adjudication of the claim is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[26] Moreover, each clause, "contrary to" and "unreasonable application," provides a separate basis for

---

[22] Id.

[23] Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam), cert. denied, 538 U.S. 947 (2003) (citation omitted).

[24] Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001), cert. denied, 535 U.S. 926 (2002) (citations omitted); see also McClesky v. Zant, 499 U.S. 467, 111 S.Ct. 1454, 1470 (1991).

[25] See Williams v. Taylor, 529 U.S. 362, 403-404, 120 S.Ct. 1495, 1518-19 (2000).

[26] See 28 U.S.C. § 2254(d)(1).

review.[27]

Furthermore, under § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.[28] The AEDPA also directs that the factual findings of the state court are afforded a presumption of correctness that can only be rebutted by clear and convincing evidence.[29] This presumption of correctness applies to factual determinations made by both the state trial and appellate courts.[30]

Finally, for a state court's resolution of a claim to be an adjudication on the merits so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.[31]

## Merits of Claims

### Claim One

Petitioner alleges ineffective assistance of counsel in failing to interview and

---

[27] Wellington v. Moore, 314 F.3d 1256, 1260-61 (11th Cir. 2002).

[28] See also Van Poyck v. Florida Dept. Of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002) (per curiam) ("[u]nless a state court decision is directly contrary to Supreme Court case law, we review state court findings of fact and conclusions of law for reasonableness").

[29] See 28 U.S.C. § 2254(e)(1).

[30] Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003).

[31] Wright v. Secretary for the Dept. of Corrections, 278 F.3d 1245, 1255 (11th Cir. 2002) cert. denied, 538 U.S. 906 (2003); see also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004).

call as a witness the booking officer. Petitioner raised this claim in his motion for post-conviction relief executed on March 5, 2004.

In <u>Strickland v. Washington,</u> 466 U.S. 668 (1984), the United States Supreme Court established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense. <u>Id</u>. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." <u>Id</u>. at 690; <u>Gates v. Zant</u>, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

<u>White v. Singletary</u>, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted).

Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

Upon an independent review of the record, the state court's adjudication of Petitioner's claim was not contrary to clearly established federal law. After the trial court inquired as to the nature of the witness' testimony, Petitioner's counsel was able to proffer in detail the witness' testimony.[32] Counsel for Petitioner tried to subpoena the witness but was unable to serve him. Further, as the Respondents state in their response, the booking officer's testimony would not have added anything to the case and the failure to assure that witness' presence at the trial was not prejudicial.[33] Therefore, this claim is due to be denied.

Claim Four

In Petitioner's last claim, he alleges the trial court issued a vindictive sentence. Petitioner raised this claim in his motion to correct illegal sentence which was summarily denied. As the state responded to the claim:

> As [Petitioner] indicates continously throughout his motion, he was made aware even before he received the written notice which specific enhancement the State intended to pursue, the habitual felony offender enhancement. Additionally, the possible penalties the [Petitioner] was exposed to should notice be filed were discussed at length during the April 23, 2003 hearing, as the [Petitioner] notes repeatedly in his motion.
>
> The [Petitioner] also repeatedly mentions that the State was offering him three

---

[32] See Doc. 31, App. A, pg. 5.

[33] Doc. 28, pg. 11.

(3) years in DOC as a plea offer, and that the court would consider up to 20 years if the [Petitioner] was found guilty of all counts at trial. The [Petitioner] was sentenced to 10 years in DOC at his sentencing on July 25, 2003. Even if Mr. Nacke did not inform the [Petitioner] of the State's plea offer, he was more than well aware of what the State's plea offer was, and that it was significantly less than what he would be exposed to if found guilty at trial and sentenced as a habitual felony offender.

The [Petitioner] does not contend anywhere in his motion that he did not meet the criteria for being sentenced as a habitual felony offender, or that his sentence is infirm or illegal in any way.

Upon due consideration, this claim is due to be denied. Petitioner has not established that the trial court imposed a vindictive sentence. There is no evidence that the trial judge set out to punish Petitioner for not pleading guilty.

## Conclusion

The Petition is **DENIED.** The Clerk is directed to enter judgment dismissing the Petition with prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 28th day of August 2009.

_[signature]_
UNITED STATES DISTRICT JUDGE

c: Melvin Sherrod
   Counsel of Record